**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4020**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT TAYLOR, a/k/a Boy Fat,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:93-cr-00132-F-1)

Submitted: August 23, 2013          Decided: September 24, 2013

Before NIEMEYER and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Taylor appeals the sentence of fifty-one months' imprisonment that he received after the district court revoked his supervised release. Taylor alleges the district court imposed a procedurally unreasonable revocation sentence because it relied primarily upon the presumed severity of his pending state charges (possession with intent to sell marijuana, and maintaining a vehicle, dwelling, and place for controlled substances), to determine his imprisonment term and it failed to address his mitigation arguments. For the reasons that follow, we affirm.

The district court heard arguments from the parties, gave Taylor an opportunity to address the court himself, and decided to impose a fifty-one-month sentence. The court noted that Taylor's offense was a Grade A violation, and that his criminal history category of VI gave him a sentencing range of 51-60 months under U.S. Sentencing Guidelines Manual § 7B1.4(a) (2012).

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433,

2

437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, following generally the procedural and substantive considerations that we employ in our review of original sentences. Id. at 438.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2006) factors it is permitted to consider in a supervised release revocation case. 18 U.S.C.A. § 3583(e) (West 2000 & Supp. 2013); Crudup, 461 F.3d at 439. Although a district court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, it still must provide a statement of reasons for the sentence imposed. Thompson, 595 F.3d at 547. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we then decide whether the sentence is plainly unreasonable. Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

Taylor contends that his sentence is procedurally unreasonable because the district court relied primarily on the presumed severity of his pending state charges and failed to explain why it rejected his arguments for the imposition of a lower sentence. Taylor's primary mitigation argument was that he believed the state charges would be reduced to a misdemeanor, because there were only 114 grams (four ounces) of marijuana involved. We conclude that this contention is without merit.

In announcing its sentence, the district court discussed several of the § 3553(a) factors it was allowed to consider in imposing a revocation sentence under § 3583(e): Taylor's criminal history, adequate deterrence for criminal conduct, and that Taylor had violated his release within eleven days of being released from incarceration, a clear breach of the court's trust. (J.A. 14-15). Assuming without deciding that Taylor's revocation sentence was unreasonable, because the district court failed to provide an adequate explanation grounded in relevant § 3553(a) factors for imposing a fifty-one-month prison term, we conclude that the sentence is not "plainly unreasonable" because the sentence does not exceed the applicable statutory maximum, 18 U.S.C. § 3559(a)(1) (2006); 18 U.S.C.A. § 3583(e)(3), and Taylor does not point to facts establishing that the sentence is clearly or obviously unreasonable.

4

Accordingly, we affirm the district court's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED